Hermanus Daniel VAN DER WES-THUIZEN; Maria Elizabeth Van Der Westhuizen; Hermanus Johannes Van Der Westhuizen; Jacolize Van Der Westhuizen; Fourie Mathys Van Der Westhuizen, Petitioners,

v.

Alberto R. GONZALES, U.S. Attorney General, Respondent.

No. 04–60910.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 7, 2005.

Michelle Lamar Saenz–Rodriguez, Saenz–Rodriguez and Associates, Dallas, TX, for Petitioners.

David V. Bernal, Thomas Ward Hussey, Director, Jamie Marie Dowd, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

John Ashcroft, U.S. Department of Justice, Washington, DC, pro se.

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Hermanus Daniel Van Der Westhuizen, his wife Maria, and his three children, Hermanus, Jacolize, and Fourie, petition this court to review the decision of the Board of Immigration Appeals ("BIA") denying relief on their application for asylum and withholding of removal. The Van Der Westhuizens have not briefed the BIA's denial of relief under the Convention Against Torture, and that claim is deemed abandoned. See *Rodriguez v. INS*, 9 F.3d 408, 414 n. 15 (5th Cir.1993); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

As to the asylum application, the Van Der Westhuizens challenge the BIA's determination that their application was untimely under 8 U.S.C. § 1158(a)(2). This court lacks jurisdiction to review the BIA's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determination that the asylum application was untimely. 8 U.S.C. § 1158(a)(3).

The Van Der Westhuizens argue that the BIA erred in denying their application for withholding of removal. The BIA's determination is supported by substantial evidence, and the record does not compel a conclusion contrary to the BIA's finding that the Van Der Westhuizens have not met their burden to establish an entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); 8 C.F.R. § 208.16(b).

The petition for review is **DENIED.**